# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:19-CV-00105-KDB-DCK

| | |
|---|---|
| **BAM Capital, LLC,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Houser Transport, Inc.** )<br>**Houser Logistics, Inc.** )<br>**Candy Feaganes** )<br>**Sibling Leasing, LLC** )<br>**Sherry Lee** )<br>**Samuel Houser,** )<br>)<br>**Defendant.** )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 17). The Court has carefully reviewed the motion and considered the parties' briefs and exhibits. For the reasons and on the terms discussed below, the Court will **GRANT** the motion and enter Summary Judgment in favor of Plaintiff against all Defendants on all claims.

## I. RELEVANT BACKGROUND

On January 5, 2016, Defendant Houser Transport entered into a Factoring Agreement with Max Capital Group, LLC, which was subsequently acquired by Plaintiff BAM Capital, LLC ("BAM"). The Factoring Agreement is secured by three Continuing Guaranty Agreements (the "Guaranty Agreements") made by the individual Defendants Houser, Feaganes and Lee. In April 2019, the parties executed a Forbearance Agreement and an accompanying Promissory Note in connection with certain events of default that had occurred under the Factoring Agreement. On

August 9, 2019, Plaintiff filed this action seeking Judgment against the Defendants for all amounts allegedly due under the parties' various agreements.

The corporate defendants – Houser Transport, Inc.; Houser Logistics, Inc.; and Sibling Leasing, LLC – did not respond to the Complaint and upon Plaintiff's motion the Clerk of this Court entered Default against them on November 5, 2019 (Doc. No. 19). All of the individual Defendants answered the Complaint, admitting its material allegations. On October 29, 2019, Plaintiff filed its Motion for Summary Judgment. The individual Defendant Samuel Houser and the defaulted corporate Defendants did not respond to the Motion for Summary Judgment. Defendants Feaganes and Lee responded to the Motion, but do not dispute Plaintiff's claims and agree that "Plaintiff's calculations appear to be correct as to the principal amount due, the default fees and pre-judgment interest." However, they oppose Plaintiff's request for post-judgment interest of 10% per annum, arguing that the proper amount of post-judgment interest is instead governed by 28 U.S.C. 1961(a).

## II. LEGAL STANDARD

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material if it might affect the outcome of the suit under the governing law." *Vannoy v. Federal Reserve Bank of Richmond*, 827 F.3d 296, 300 (4th Cir. 2016) (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions,

answers to interrogatories, admissions or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). "The burden on the moving party may be discharged by 'showing'. . . an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial," *Id*. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. *Id*. at 324.

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014); *see also Anderson*, 477 U.S. at 255. "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568–69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)). "The court therefore cannot weigh the evidence or make credibility determinations." *Id*. at 569 (citing *Mercantile Peninsula Bank v. French* (*In re French*), 499 F.3d 345, 352 (4th Cir. 2007)).

However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (internal citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Also, the mere argued existence of a factual dispute does not defeat an

otherwise properly supported motion. *Id*. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Id*. at 249–50.

In the end, the question posed by a summary judgment motion is whether the evidence as applied to the governing legal rules "is so one-sided that one party must prevail as a matter of law." *Id*. at 252.

### III. DISCUSSION

Plaintiff alleges and Defendants do not dispute that Defendants owe BAM $2,521,961.40 under the Factoring Agreement (Compl. ¶ 43), less the $37,500 paid under the Promissory Note (Compl. ¶ 7), for a total of $2,484,461.40. Also, default fees of $1,656.30 per day from March 4, 2019 and $237,413.66 are admittedly due under the parties' agreements. Further, Plaintiff alleges that Defendants owe pre-judgment interest on the debt from March 4, 2019, which Defendants due not dispute. The parties agree that the amount of pre-judgment interest should be 10% APR, the amount set in the Promissory Note. (Compl. ¶ 49).[1]

The total amount of the award sought by Plaintiff as of the date of its Motion for Summary Judgment (October 29, 2019) is $3,280,413.75. Based on the agreed amounts due, the Court finds that the total amount of the award (principal debt, default fees and pre-judgment interest on the debt) calculated through the date of this Order should be $3,331,825.37 ($2,484,461.40 + $432,294.30 ($1,656.30 x 261) + $237,413.66 + $177,656.01 (pre-judgment interest = $2,484,461.40 x .10 x 261/365)). Accordingly, the Court will award Summary Judgment in that amount to Plaintiff.

---

[1] Plaintiff also asserts that it is entitled to reasonable attorneys' fees and costs pursuant to the parties' agreements, which will be sought by separate motion. Defendants have not yet expressed a position on this portion of Plaintiff's claim.

With respect to post-judgment interest, the parties agree that post-judgment interest must be awarded to Plaintiff but disagree on the amount of that interest. Plaintiff argues that it is entitled to post-judgment interest at 10% based on the interest rate set in the parties' Promissory Note rather than the statutory rate contained in 28 U.S.C. § 1961, which typically governs the award of post-judgment interest on Federal court Judgments (even in cases before the Court based on diversity jurisdiction). *See Forest Sales Corp. v. Bedingfield*, 881 F.2d 111 (4th Cir. 1989) ("we adhere to the strong precedent established in other circuits for allowing §1961 to govern diversity actions. In these cases, postjudgment interest should be calculated at the federal, rather than state, rate"). In the Promissory note, Defendants agreed to an interest rate of "ten (10%) percent APR interest (the 'Interest') on any outstanding amount owed as of the Effective Date and until paid in full (the 'Indebtedness')." (Compl. Ex. F, at 2). Defendants argue in response that the Court should award post-judgment interest pursuant to 28 U.S.C. § 1961.

The Court agrees with Defendants and will award post-judgment interest in the amount set by 28 U.S.C. § 1961. "While 28 U.S.C. § 1961 provides a standard rate of post-judgment interest, the parties are free to stipulate a different rate, consistent with state usury and other applicable laws." *In re Lift & Equipment Service, Inc*., 819 F.2d 546 (5th Cir.1987); *Hymel v. UNC, Inc*., 994 F.2d 260 (1993) (quoting same). However, parties wishing to contract around the statutory rate must do so using "clear, unambiguous[,] and unequivocal language," otherwise, the contract merely merges into the judgment. *Tricon Energy Ltd. v. Vinmar Intern*., Ltd., 718 F.3d 448, 459-460 (5th Cir. 2013). In *Tricon*, the court held that the award of post-judgment interest should be calculated under 28 U.S.C. § 1961 despite an arbitration award[2] including "post-award

---

[2] The court found that the parties had submitted the issue of post-judgment interest to the arbitration panel so the award represented the parties' agreement on that issue just as if they had agreed on the rate by contract. *Id*. at 458.

interest" to a party "at the rate of 8.5% per annum ... [from] the date of th[e] award, until paid."

The court explained its reasoning as follows:

> Courts have not found that parties and arbitration panels clearly, unambiguously, and unequivocally meant to refer to postjudgment interest except where they have expressly referred to postjudgment interest. In *Durga Ma,* 387 F.3d at 1022, 1024, for example, the court held that an arbitration award contained "no language suggesting that *post-*judgment interest is part of the award" where it merely granted "*interest at the statutory rate*" from the date of the award. Similarly, the agreement in *Westinghouse,* 371 F.3d at 102, that "a 15.5 percent interest rate would be added to any arbitration award 'from the date payment was due to the date payment is made' " was insufficient, because it "failed to state that this rate would apply to judgments rendered on that award." By contrast, the arbitration panel in *Newmont,* 615 F.3d at 1273,"provided for pre- and post-judgment interest at the rate of 1.5 percent per month." In *Hymel,* 994 F.2d at 265–66, we noted that the district court had properly granted interest at a non-statutory rate where the parties' contract provided that all unpaid amounts "shall bear interest from maturity until paid, *both before and after judgment,* at the rate of 9% per annum." Because the arbitration panel did not use the words "postjudgment interest," it is far from clear that it meant to award postjudgment interest.
>
> Nor is it conclusive that the panel awarded interest from the date of the award "until paid," even though, interpreted literally, the award would last beyond the judgment. The court did not consider similar language—that interest on an arbitration award would accrue "from the date payment was due to the date payment is made"—sufficient in *Westinghouse,* 371 F.3d at 102, nor did the court in *Riebesell,* 586 F.3d at 794, in which the parties agreed that the amount due would "accrue interest until payment." Such boilerplate language does not demonstrate that the panel intended to circumvent the merger rule.

*Id*. at 459-460 (emphasis in original).

Applying this reasoning to the Promissory Note in this case, the parties did not "clearly, unambiguously, and unequivocally" expressly refer to post-judgment interest by their "boilerplate" language that interest on the debt would accrue "until paid…" Indeed, the Promissory Note did not specifically refer to post-judgment interest at all. Therefore, the Court will award post-judgment interest pursuant to 28 U.S.C. § 1961.

## IV.   ORDER

**NOW THEREFORE IT IS ORDERED THAT**:

Plaintiff's "Motion for Summary Judgment" (Doc. No. 17) is **GRANTED** and **SUMMARY JUDGMENT** is hereby entered in the amount of $3,331,825.37 in favor of Plaintiff on the claims in this action.  Further, post-judgment interest shall accrue on this Judgment pursuant to 28 U.S.C. § 1961.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 20, 2019

*/s/ Kenneth D. Bell*
Kenneth D. Bell
United States District Judge