IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| BAM CAPITAL, LLC, <br><br> Plaintiff <br><br> vs. <br><br> HOUSER TRANSPORT, INC., <br> HOUSER LOGISTICS, INC., <br> CANDY FEAGANES, <br> SIBLING LEASING, LLC, <br> SHERRY LEE, and <br> SAMUEL HOUSER, <br><br> Defendants | Civil Action No. <br> 5:19-CV-00105-KDB-DCK <br><br><br> ORDER REGARDING JUDGMENT DEBTORS' NOTICES TO CLAIM EXEMPT PROPERTY |

**THIS MATTER** came before the Court on hearing on April 30, 2020, to consider Judgment Debtor Samuel Houser's Notice to Claim Exempt Property (ECF #33), filed on March 30, 2020, Judgment Debtor Candy Feaganes's Notice to Claim Exempt Property (ECF #36), filed on April 29, 2020, Sherry Lee's Notice to Claim Exempt Property (ECF #37), filed on April 29, 2020, and Judgment Creditor BAM Capital, LLC's Objection (ECF #35), filed on April 6, 2020. Counsel for each party appeared at the hearing. The Court, having considered the pleadings, the arguments of counsel, and the applicable law, finds, concludes and orders as follows:

1. The Court entered summary judgment in favor of BAM Capital, LLC ("BAM" or "Judgment Creditor") and against defendants and judgment debtors Samuel Houser, Sherry Lee and Candy Feaganes (the "Judgment Debtors") on November 20, 2019, and entered judgment against the Judgment Debtors in the amount of $3,331,825.37 on November 20, 2019 (the "Judgment"). The Court later entered an award of attorneys' fees and costs against the

Judgment Debtors in the amount of $70,092.01 on January 8, 2020 (the "Attorneys' Fee Award").

2. The times for appeal of the Judgment and the Attorneys' Fee Award have passed and the Judgment Debtors did not appeal.

3. BAM began the judgment execution process against the Judgment Debtors by causing the clerk of court to issue Notices of Right to Claim Exemptions to the Judgment Debtors on March 4, 2020.

4. Judgment Debtor Samuel Houser filed a Notice to Claim Exempt Property on March 30, 2020 (the "Houser Notice"). Judgment Debtor Sherry Lee filed a Notice to Claim Exempt Property on April 29, 2020 (the "Lee Notice"). Judgment Debtor Candy Feaganes filed a Notice to Claim Exempt Property on April 29, 2020 (the "Feaganes Notice"). (collectively, the "Notices")

5. BAM filed an Objection to Judgment Debtor Samuel Houser's Notice to Claim Exempt Property on April 6, 2020.

6. BAM specifically has objected to the Judgment Debtors' notices and their valuations of the property that they claim as exempt.

7. The Court finds that BAM has the right to challenge the Judgment Debtors' notices, including their valuations of property that they claim as exempt in order to determine whether each property is exempt from execution.

8. BAM also has requested that it be allowed to take discovery of the Judgment Debtors to identify any non-exempt assets of the Judgment Debtors that are available to satisfy the Judgment.

9. The Court finds that BAM has the right to conduct reasonable discovery of the

Judgment Debtors to determine whether the Judgment Debtors have identified all of their property that is not exempt from execution, have properly claimed exemptions and have properly valued all property identified in the Notices.

10. Judgement Debtors Lee and Feaganes each identify non-exempt property respectively in the Lee Notice and the Feaganes Notice.

11. The Court finds that BAM is entitled to immediate execution on all assets identified as non-exempt in the Notices.

**NOW THEREFORE IT IS ORDERED THAT**:

1. Pursuant to Rule 69 of the Federal Rules of Civil Procedure and N.C. Gen. Stat § 1C-1601(e)(8), the court orders the Judgment Debtors to cooperate fully in any reasonable effort BAM undertakes to determine the fair market value of all property of the Judgment Debtors. The Judgment Debtors will allow BAM, and its agents and experts, reasonable access to all real property they own; will make available for inspection all personal property they own, upon reasonable notice; and will make available for inspection, review and copying all records regarding intangible property they own, upon reasonable notice. The United States Marshals Service is directed to assist BAM as reasonably necessary.

2. Pursuant to Rule 69 of the Federal Rules of Civil Procedure, BAM may immediately undertake any and all discovery allowed under the Federal Rules of Civil Procedure, including (without limitation) depositions, interrogatories, requests for production and inspections under Rules 30, 31, 33, and 34, to identify any assets owned by the Judgment Debtors and to value any assets identified or owned by the Judgment Debtors. All typical standards regarding the scope of discovery shall apply, including, but not limited to, relevance, privilege, and proportionality. Further, as a guide to the parties concerning the scope of

discovery, the Court views as reasonable general discovery of the Debtor's assets and financial conduct on or after January 1, 2018, which is more than a year prior to the events of default and non-payment on which this action is based. Also, in the event that the discovery of specific facts gives Plaintiff a good faith belief that discovery of earlier held assets or events is necessary to determine if the Judgment Debtors currently have non-exempt assets that have not yet been disclosed then Plaintiff may seek properly focused discovery of those matters.

3. The Clerk's Office is directed to issue forthwith a writ of execution to the United States Marshals Service directing it to immediately execute on all assets identified as non-exempt in the Notices and on any other asset of a Judgment Debtor which that Judgement Debtor and BAM have agreed is non-exempt. For the avoidance of doubt, this writ shall not apply to assets which are claimed as exempt in the Notices or which were not identified in the Notices, other than those assets which are agreed to be non-exempt.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: May 19, 2020

Kenneth D. Bell
United States District Judge